IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Rockhurst University, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:20-CV-00581-BCW |
| | ) |
| Factory Mutual Insurance Company, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant Factory Mutual Insurance Company ("FM Global"), by and through its counsel, responds as follows to the allegations set forth in the Class Action Complaint and Demand for Jury Trial ("Complaint") filed by Plaintiffs Rockhurst University ("Rockhurst") and Maryville University ("Maryville") dated July 23, 2020. To the extent not specifically admitted herein, all of the allegations of the Complaint are denied.

**NATURE OF ACTION**

1. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, except admits that institutions of higher education provide education for students.

2. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. FM Global denies knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 4.

5. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, except admits that it issued insurance policies to Plaintiffs in exchange for the payment of premiums and that, subject to their terms, conditions, limitations, and exclusions, each policy provides coverage for certain losses, including business interruption, property damage, and communicable diseases. FM Global denies that the Policies provide coverage for loss or use of property. FM Global refers the Court to Policy No. 1053942 between FM Global and Rockhurst ("the Rockhurst Policy") and Policy No. 1053940 between FM Global and Maryville ("the Maryville Policy") (collectively, "the Policies") for their terms, conditions, limitations, and exclusions.

7. FM Global denies the allegations in Paragraph 7, except admits that both Plaintiffs notified it of their intention to make claims relating to alleged unidentified losses and damages arising out of the novel coronavirus outbreak and that FM Global has not made any payments to Plaintiffs in connection with their notice of claims. FM Global refers the Court to the correspondence between Plaintiffs and FM Global for a full and accurate rendition of its contents.

8. FM Global denies the allegations in Paragraph 8.

9. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Paragraph 10 contains a description of Plaintiffs' legal theories and the relief they seek rather than allegations of fact to which a response is required. To the extent that Paragraph 10 may be deemed to contain any allegations of fact, FM Global denies those allegations, except

WA 15463215.1

admits that it issued property insurance policies to Plaintiffs.

## PARTIES

11. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, except admits that government entities have issued orders ("Stay at Home Orders"), to which FM Global refers the Court for their complete contents.

20. FM Global admits the allegations in Paragraph 20.

WA 15463215.1

## JURISDICTION AND VENUE

21. FM Global admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

22. FM Global admits that venue is proper in this District and that the Rockhurst Policy and the Maryville Policy cover properties located in Missouri but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22.

## FACTUAL BACKGROUND

23. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, except admits that the CDC has indicated that there have been more than 3.8 million confirmed cases of COVID-19 in the United States and that more than 140,000 people in the United States have died of COVID-19.

25. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25. FM Global refers the Court to the orders referenced in Paragraph 25 for their complete contents.

*26.* FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27. FM Global refers the Court to the orders referenced in Paragraph 27 for their complete contents.

### *COVID-19*

28. FM Global denies knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 28.

29. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, except admits that states and local governments have issued Stay at Home Orders, to which FM Global refers the Court for their complete contents.

32. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, except admits that the CDC has issued guidance about the virus and the spread of the virus, to which FM Global refers the Court for its complete contents.

33. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, except admits there are studies about the virus, to which FM Global refers the Court for their complete contents.

34. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, except admits there are studies about the virus, to which FM Global refers the Court for their complete contents.

35. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, except admits there are studies about the virus, to which FM Global refers the Court for their complete contents.

37. FM Global denies knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 37, except admits there are articles about the virus, to which FM Global refers the Court for their complete contents.

38. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, except admits there are studies about the virus, to which FM Global refers the Court for their complete contents.

39. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, except admits there are studies about the virus, to which FM Global refers the Court for their complete contents.

40. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, except admits there are studies about the virus, to which FM Global refers the Court for their complete contents.

41. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, except admits there are studies about the virus, to which FM Global refers the Court for their complete contents.

45. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46. FM Global denies knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 46.

47.  FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, except admits that there were orders issued by the City of Kansas City, Missouri and Johnson County, Kansas in connection with the COVID-19 pandemic. FM Global refers the Court to the orders for their complete contents.

### *The Factory Mutual Policies*

48.  FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, except admits that it issued the Rockhurst Policy, which was in effect for the period from July 1, 2019 to July 1, 2020 and the Maryville Policy, which was in effect for the period from July 1, 2019 to July 1, 2020. FM Global refers the Court to the Rockhurst Policy and the Maryville Policy for all of their terms, conditions, limitations, and exclusions.

49.  FM Global admits the allegations in Paragraph 49. FM Global refers the Court to the Rockhurst Policy and the Maryville Policy for all of their terms, conditions, limitations, and exclusions.

50.  FM Global denies the allegations in Paragraph 50, except admits that it is the insurer of the Policies. FM Global refers the Court to the Rockhurst Policy and the Maryville Policy for all of their terms, conditions, limitations, and exclusions.

51.  FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, except admits that the Rockhurst Policy and the Maryville Policy provide coverage for all risks of physical loss or damage, subject to various terms, conditions, limitations, and exclusions.

52.  FM Global denies the allegations in Paragraph 52, except admits that subject to

various terms, conditions, limitations, and exclusions, each of the Policies states that it "covers property, as described in the Policy, against ALL RISKS OF PHYSICAL LOSS OR DAMAGE, except as hereinafter excluded, while located as described in this Policy," that the coverage afforded by the Rockhurst Policy is subject to various limitations, including a maximum limit of liability in an occurrence of $278,126,000, and that the coverage afforded by the Maryville Policy is subject to various limitations, including a maximum limit of liability in an occurrence of $314,116,000. FM Global refers the Court to the Rockhurst Policy and the Maryville Policy for all of their terms, conditions, limitations, and exclusions. FM Global further denies the allegations in Footnote 15 of Paragraph 52 that the Rockhurst Policy and Maryville Policy are materially identical.

53. FM Global denies the allegations in the first two sentences of Paragraph 53, except admits that the Rockhurst Policy and Maryville Policy both contain a provision entitled "COMMUNICABLE DISEASE RESPONSE" and a definition for "communicable disease" and that the language excerpted in Paragraph 53 is accurately quoted. FM Global refers the Court to the Rockhurst Policy and the Maryville Policy for all of their terms, conditions, limitations, and exclusions. FM Global admits the last sentence of Paragraph 53.

54. FM Global denies the allegations in Paragraph 54, except admits that the Rockhurst Policy and Maryville Policy both contain a provision entitled "COMMUNICABLE DISEASE RESPONSE" and that the language excerpted in Paragraph 54 is accurately quoted. FM Global refers the Court to the Rockhurst Policy and the Maryville Policy for the complete wording of that provision and all other terms, conditions, limitations, and exclusions of the Rockhurst Policy and the Maryville Policy.

55. FM Global denies knowledge and information sufficient to form a belief as to

8

Case 4:20-cv-00581-BCW   Document 16   Filed 09/11/20   Page 8 of 20

WA 15463215.1

whether there was the "actual not suspected presence of COVID-19" on Plaintiffs' premises and, accordingly, denies that Plaintiffs have established that coverage has been triggered under the Rockhurst Policy or the Maryville Policy.

56. FM Global denies the allegations in Paragraph 56, except admits that the Rockhurst Policy and Maryville Policy both contain a provision entitled "INTERRUPTION BY COMMUNICABLE DISEASE" and that the language excerpted in the first sentence of Paragraph 56 is accurately quoted. FM Global refers the Court to the Rockhurst Policy and the Maryville Policy for the complete wording of that provision and all other terms, conditions, limitations, and exclusions of the Rockhurst Policy and the Maryville Policy.

57. FM Global denies knowledge and information sufficient to sufficient to form a belief as to whether there was the "actual not suspected presence of COVID-19" on Plaintiffs' premises and, accordingly, denies that Plaintiffs have established that coverage has been triggered under the Rockhurst Policy or the Maryville Policy.

58. FM Global denies the allegations in Paragraph 58, except admits that the Rockhurst Policy and Maryville Policy both contain a provision entitled "DECONTAMINATION COSTS" and that the language excerpted in Paragraph 58 accurately quotes a portion of the provision. FM Global refers the Court to the Rockhurst Policy and the Maryville Policy for the complete wording of that provision and all other terms, conditions, limitations, and exclusions of the Rockhurst Policy and the Maryville Policy.

59. FM Global denies the allegations in Paragraph 59, except admits that the Rockhurst Policy and Maryville Policy both contain a section entitled "TIME ELEMENT" with a provision for "LOSS INSURED," and that the language excerpted in Paragraph 59 accurately quotes a portion of the provision. FM Global refers the Court to the Rockhurst Policy and the Maryville

Policy for the complete wording of that provision and all other terms, conditions, limitations, and exclusions of the Rockhurst Policy and the Maryville Policy.

60. FM Global denies the allegations in Paragraph 60, except admits that the Rockhurst Policy and Maryville Policy both contain a section entitled "TIME ELEMENT" with a provision for "EXTRA EXPENSE," and the language excerpted in Paragraph 60 accurately quotes a portion of the provision. FM Global refers the Court to the Rockhurst Policy and the Maryville Policy for the complete wording of that provision and all other terms, conditions, limitations, and exclusions of the Rockhurst Policy and the Maryville Policy.

61. FM Global denies the allegations in Paragraph 61, except admits that the Rockhurst Policy and Maryville Policy both contain a provision for "CIVIL OR MILITARY AUTHORITY," and the language excerpted in Paragraph 61 accurately quotes a portion of the provision. FM Global refers the Court to the Rockhurst Policy and the Maryville Policy for the complete wording of that provision and all other terms, conditions, limitations, and exclusions of the Rockhurst Policy and the Maryville Policy.

62. FM Global denies the allegations in Paragraph 62, except admits that the Rockhurst Policy and Maryville Policy both contain a provision for "INGRESS/EGRESS," and the language excerpted in Paragraph 62 accurately quotes a portion of the provision. FM Global refers the Court to the Rockhurst Policy and the Maryville Policy for the complete wording of that provision and all other terms, conditions, limitations, and exclusions of the Rockhurst Policy and the Maryville Policy.

63. FM Global denies the allegations in Paragraph 63, except admits that the Rockhurst Policy and Maryville Policy both contain provisions for "CONTINGENT TIME ELEMENT EXTENDED," "EXPEDITING COSTS," "PROTECTION AND PRESERVATION OF

PROPERTY," "CLAIMS PREPARATION COSTS," and "TUITION FEES." FM Global refers the Court to the Rockhurst Policy and the Maryville Policy for all of their terms, conditions, limitations, and exclusions.

*Plaintiffs' Claims to Factory Mutual*

64. FM Global denies the allegations in Paragraph 64, except admits that it received correspondence from Rockhurst providing notice of Rockhurst's intent to make a claim under the Rockhurst Policy and from Maryville providing notice of Maryville's intent to make a claim under the Maryville Policy. FM Global refers the Court to that correspondence for a full and accurate rendition of its contents.

65. FM Global denies the allegations in Paragraph 65, except admits that it issued a letter to Rockhurst acknowledging Rockhurst's correspondence and it issued a letter to Maryville acknowledging Maryville's correspondence. FM Global refers the Court to the letters for a full and accurate rendition of their contents.

66. FM Global denies the allegations in Paragraph 66, except admits that it issued a letter to Rockhurst acknowledging Rockhurst's correspondence and it issued a letter to Maryville acknowledging Maryville's correspondence. FM Global refers the Court to that correspondence for a full and accurate rendition of its contents.

67. FM Global denies the allegations in Paragraph 67, except admits that it issued a letter to Rockhurst acknowledging Rockhurst's correspondence and it issued a letter to Maryville acknowledging Maryville's correspondence. FM Global refers the Court to the letters for a full and accurate rendition of their contents.

68. FM Global denies the allegations in Paragraph 68.

## CLASS ACTION ALLEGATIONS

69. Paragraph 69 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 69 may be deemed to contain any allegations of fact, FM Global denies those allegations.

70. Paragraph 70 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 70 may be deemed to contain any allegations of fact, FM Global denies those allegations.

71. FM Global denies the allegations in Paragraph 71.

72. FM Global denies the allegations in Paragraph 72.

73. FM Global denies the allegations in Paragraph 73.

74. FM Global denies the allegations in Paragraph 74.

75. FM Global denies the allegations in Paragraph 75.

76. FM Global denies the allegations in Paragraph 76.

77. FM Global denies the allegations in Paragraph 77.

78. Paragraph 78 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 78 may be deemed to contain any allegations of fact, FM Global denies those allegations.

## COUNT I: DECLARATORY RELIEF

**(On behalf of Nationwide Declaratory Judgment Class and Missouri Subclass)**

79. FM Global incorporates by reference each of the responses set forth in response to the preceding paragraphs.

80. Paragraph 80 contains legal conclusions rather than allegations of fact to which a response is required. To the extent Paragraph 80 may be deemed to contain any allegations of fact,

FM Global denies those allegations except admits that a dispute may exist between the parties.

81. Paragraph 81 contains legal conclusions rather than allegations of fact to which a response is required. To the extent Paragraph 81 may be deemed to contain any allegations of fact, FM Global denies those allegations except to admit that it sent correspondence to Rockhurst and it sent correspondence to Maryville. FM Global refers the Court to the correspondence for a full and accurate rendition of its contents.

82. Paragraph 82 contains legal conclusions rather than allegations of fact to which a response is required. To the extent Paragraph 82 may be deemed to contain any allegations of fact, FM Global denies those allegations.

83. Paragraph 83 contains a description of the relief that Plaintiffs seek rather than allegations of fact to which a response is required. To the extent that Paragraph 83 may be deemed to contain any allegations of fact, FM Global denies those allegations.

**COUNT II: BREACH OF CONTRACT AND/OR ANTICIPATORY BREACH**

**(On behalf of Nationwide Breach Class and Missouri Subclass)**

84. FM Global incorporates by reference each of the responses set forth in response to the preceding paragraphs.

85. FM Global denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, except admits that it issued insurance policies to Plaintiffs in exchange for the payment of premiums.

86. Paragraph 86 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 86 may be deemed to contain any allegations of fact, FM Global denies those allegations except to admit that the Rockhurst Policy and the Maryville Policy are valid and enforceable contracts.

87. FM Global denies the allegations in Paragraph 87, except admits that Rockhurst and Maryville provided notice to FM Global that they may have suffered alleged coronavirus losses at various unspecified locations.

88. FM Global denies the allegations in Paragraph 88.

89. FM Global denies the allegations of Paragraph 89 except to admit that it sent correspondence to Rockhurst and it sent correspondence to Maryville. FM Global refers the Court to the correspondence for a full and accurate rendition of its contents.

90. FM Global denies the allegations of Paragraph 90.

91. Paragraph 91 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 91 may be deemed to contain any allegations of fact, FM Global denies those allegations.

92. Paragraph 92 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 92 may be deemed to contain any allegations of fact, FM Global denies those allegations.

## AFFIRMATIVE DEFENSES

FM Global asserts the following affirmative defenses. Each defense is asserted as to all claims against FM Global. By asserting the following defenses, FM Global does not concede or admit that it has the burden of proof or persuasion on any such defense. FM Global specifically reserves and does not waive any and all additional, separate, or other affirmative defenses that it may have, or which may be revealed by further investigation in this matter.

As separate and distinct affirmative defenses, FM Global states as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

There is no coverage for any of Plaintiffs' claims under the Communicable Disease Response provision of the Rockhurst Policy or the Maryville Policy because Plaintiffs have not satisfied the requirements to trigger coverage.

THIRD AFFIRMATIVE DEFENSE

The Rockhurst Policy and Maryville Policy each provide in part: "This Policy excludes the following unless directly resulting from other physical damage not excluded by this Policy: 1) **contamination**, and any cost due to **contamination** including the inability to use or occupy property or any cost of making property safe or suitable for use or occupancy. If **contamination** due only to the actual not suspected presence of **contaminant(s)** directly results from other physical damage not excluded by this Policy, then only physical damage caused by such **contamination** may be insured."

The Rockhurst Policy and Maryville Policy define "contaminant" as: "anything that causes **contamination**."

The Rockhurst Policy and Maryville Policy define "contamination" as: "any condition of property due to the actual or suspected presence of any foreign substance, impurity, pollutant, hazardous material, poison, toxin, pathogen or pathogenic organism, bacteria, virus, disease causing or illness causing agent, fungus, mold or mildew."

The novel coronavirus is a virus, a pathogen or pathogenic agent, and a disease causing or illness causing agent and, as such, it is a "contaminant" within the meaning of the Rockhurst Policy and the Maryville Policy, and any condition of property due to the actual or suspected presence of the novel coronavirus constitutes "contamination" within the meaning of the Rockhurst Policy and the Maryville Policy.

Plaintiffs' claim is barred because Plaintiffs' alleged loss or losses are caused by or resulted from contamination related to the novel coronavirus or costs due to contamination related to the novel coronavirus, including the inability to use or occupy property or the cost of making property safe or suitable for use or occupancy.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged losses, including any alleged lost Earnings, Profits, or Extra Expense, are not covered under the Rockhurst Policy or the Maryville Policy because, among other things, the alleged loss or losses did not result directly from physical loss or damage of the type insured under the Rockhurst Policy or the Maryville Policy.

FIFTH AFFIRMATIVE DEFENSE

The Rockhurst Policy and the Maryville Policy state, in part: "TIME ELEMENT loss as provided in the TIME ELEMENT COVERAGES and TIME ELEMENT COVERAGE EXTENSIONS of this section of the Policy . . . is subject to the Policy provisions, including applicable exclusions and deductibles."

Plaintiffs' claims for the loss of Earnings, Profits, Extra Expenses and/or Rental Insurance are not covered under either the Time Element Coverage or the Time Element Coverage Extensions of the Rockhurst Policy or the Maryville Policy because the alleged losses were caused by contamination related to the novel coronavirus or costs due to contamination related to the novel coronavirus, including the inability to use or occupy property or the costs of making property safe or suitable for use or occupancy.

SIXTH AFFIRMATIVE DEFENSE

There is no coverage for Plaintiffs' claim under the Civil or Military Authority, Ingress/Egress, Contingent Time Element, or Tuition Fees provisions of the Rockhurst Policy or

the Maryville Policy because, among other things, Plaintiffs' alleged losses did not directly result from physical loss or damage of the type insured.

SEVENTH AFFIRMATIVE DEFENSE

There is no coverage for Plaintiffs' claim under the Decontamination Costs provision of the Rockhurst Policy or the Maryville Policy because, among other things, insured property was not contaminated as a direct result of insured physical damage and because Plaintiffs did not incur increased costs in decontaminating or removing such insured property as a direct result of the enforcement of a law or ordinance regulating contamination due to the actual or suspected presence of contaminants.

EIGHTH AFFIRMATIVE DEFENSE

The Rockhurst Policy and the Maryville Policy exclude "indirect or remote loss or damage." The Complaint is barred to the extent it seeks a recovery for indirect loss or damage.

NINTH AFFIRMATIVE DEFENSE

The Rockhurst Policy and the Maryville Policy exclude "interruption of business, except to the extent provided by the Policy." There is no coverage for any alleged interruption of Plaintiffs' businesses.

TENTH AFFIRMATIVE DEFENSE

The Rockhurst Policy and the Maryville Policy exclude "loss of market or loss of use." The Complaint is barred to the extent that it seeks a recovery for a loss of market or loss of use.

ELEVENTH AFFIRMATIVE DEFENSE

There is no coverage for Plaintiffs' claim under the Protection and Preservation of Property Time Element provision of the Rockhurst Policy and the Maryville Policy because, to the extent Plaintiffs contend that they are entitled to coverage under this provision, Plaintiffs have not pleaded

the elements which would entitle them to such coverage.

## TWELFTH AFFIRMATIVE DEFENSE

FM Global hereby incorporates all of the provisions, exclusions, definitions, and conditions contained within the Rockhurst Policy and the Maryville Policy under which Plaintiffs purport to sue. The claims asserted are barred, in whole or in part, by the express terms, conditions, and requirements of the Rockhurst Policy and the Maryville Policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiffs seek to collect amounts in excess of the $1 million sublimit for Communicable Disease Response and Interruption by Communicable Disease and, therefore, would be unjustly enriched if they obtained the requested relief.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the lack of consideration provided for communicable disease coverage in amounts in excess of the $1 million sublimit for Communicable Disease Response and Interruption by Communicable Disease.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Rockhurst Policy and the Maryville Policy state, in part: "No suit, action or proceeding for the recovery of any claim will be sustained in any court of law or equity unless: 1) the Insured has fully complied with all the provisions of this Policy . . . ."

The Complaint is barred, in whole or in part, due to Plaintiffs' failure to comply with the Suit Against the Company provision in the Rockhurst Policy and the Maryville Policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, due to Plaintiffs' failure to comply with the

Requirements in Case of Loss provision in the Rockhurst Policy and the Maryville Policy, and, in particular, subparagraphs 3, 4, and 6 thereof.

SEVENEENTH AFFIRMATIVE DEFENSE

Plaintiffs have not satisfied conditions precedent for a claim of breach of contract.

EIGHTEENTH AFFIRMATIVE DEFENSE

There is no coverage for Plaintiffs' claim under the Expediting Costs provision of the Rockhurst Policy and the Maryville Policy because, to the extent Plaintiffs contend that they are entitled to coverage under this provision, Plaintiffs have not pleaded the elements which would entitle them to such coverage.

NINETEENTH AFFIRMATIVE DEFENSE

There is no coverage for Plaintiffs' claim under the Claims Preparation Costs provision of the Rockhurst Policy and the Maryville Policy because, to the extent Plaintiffs contend that they are entitled to coverage under this provision, Plaintiffs have not pleaded the elements which would entitle them to such coverage. The Claims Preparation Costs provision of the Rockhurst Policy and the Maryville Policy also excludes fees and costs of attorneys.

TWENTIETH AFFIRMATIVE DEFENSE

This action cannot be maintained as a class action because the requirements of Federal Rule of Civil Procedure 23 are not satisfied.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs failed to mitigate, reduce, or otherwise avoid the damages that they allegedly suffered.

| | |
|---|---|
| Dated: September 11, 2020 | By: /s/ *Brian Markley*<br>Brian Markley, MO 46801<br>Madison Perry, MO 68065<br>SPENCER FANE LLP<br>1000 Walnut, Suite 1400<br>Kansas City, MO 64106<br>Tel.: (816) 474-8100<br>Facsimile: (816) 474-3216<br>brian.markley@spencerfane.com<br>mperry@spencerfane.com<br><br>Harvey Kurzweil (admitted *pro hac vice*)<br>Kelly A. Librera (admitted *pro hac vice*)<br>George E. Mastoris (admitted *pro hac vice*)<br>Matthew A. Stark (admitted *pro hac vice*)<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel.: (212) 294-6700<br>HKurzweil@winston.com<br>KLibrera@winston.com<br>GMastoris@winston.com<br>MStark@winston.com<br><br>*Attorneys for Defendant Factory Mutual Insurance Company* |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on September 11, 2020, the forgoing was served, via the Court electronic case filing system, upon all counsel of record.

By: /s/ Brian Markley