**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| Rockhurst University, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-CV-00581-BCW |
| | ) | |
| Factory Mutual Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S ANSWER TO
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR
JURY TRIAL**

Defendant Factory Mutual Insurance Company ("FM Global"), by and through its counsel,

responds as follows to the allegations set forth in the First Amended Class Action Complaint and

Demand for Jury Trial ("First Amended Complaint") filed by Plaintiffs Rockhurst University

("Rockhurst") and Maryville University ("Maryville") on March 11, 2021 (Doc. 41). To the extent

not specifically admitted herein, all of the allegations of the First Amended Complaint are denied.

**SUMMARY OF ACTION**

1.     FM Global refers the Court to Policy No. 1053942 between FM Global and

Rockhurst ("the Rockhurst Policy") and Policy No. 1053940 between FM Global and Maryville

("the Maryville Policy") (collectively, "the Policies") for their terms, conditions, limitations, and

exclusions. FM Global denies the allegations in Paragraph 1, except admits that subject to various

terms, conditions, limitations, and exclusions, each of the Policies states that it "covers property,

as described in the Policy, against ALL RISKS OF PHYSICAL LOSS OR DAMAGE, except as

hereinafter excluded, while located as described in this Policy," that the coverage afforded by the

Rockhurst Policy is subject to various limitations, including a maximum limit of liability in an

occurrence of $278,126,000, that the coverage afforded by the Maryville Policy is subject to various limitations, including a maximum limit of liability in an occurrence of $314,116,000, and that FM Global issued insurance policies to Plaintiffs in exchange for the payment of premiums during the period from July 1, 2019 to July 1, 2020.

2. FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, except admits that institutions of higher education provide education for students.

4. FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

WA 16403828.1

11.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, except admits that FM Global issued the Policies to Plaintiffs in exchange for the payment of premiums during the period from July 1, 2019 to July 1, 2020, and subject to various terms, conditions, limitations, and exclusions, each of the Policies states that it "covers property, as described in the Policy, against ALL RISKS OF PHYSICAL LOSS OR DAMAGE, except as hereinafter excluded, while located as described in this Policy."  FM Global refers the Court to the Policies for all of their terms, conditions, limitations, and exclusions.

12.     FM Global denies the allegations in Paragraph 12, except admits that it issued the Policies to Plaintiffs in exchange for the payment of premiums and that, subject to their terms, conditions, limitations, and exclusions, each of the Policies provides coverage for certain losses caused by the actual not suspected presence of "Communicable Disease."  FM Global refers the Court to the Policies for all of their terms, conditions, limitations, and exclusions.

13.     FM Global denies the allegations in Paragraph 13.  FM Global refers the Court to the Policies for their terms, conditions, limitations, and exclusions.

14.     FM Global denies that Plaintiffs' alleged losses were "threat-based interruptions to business" or posed "threat-based interruptions to business" and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14.  FM Global refers the Court to the Policies for all of their terms, conditions, limitations, and exclusions.

15.     FM Global denies the allegations in Paragraph 15, except admits that, subject to their terms, conditions, limitations, and exclusions, the Policies provide coverage for certain losses, including claims preparation costs and coverage for certain losses caused by the actual not suspected presence of "Communicable Disease."  FM Global refers the Court to the Policies for all of their terms, conditions, limitations, and exclusions.

WA 16403828.1

16. FM Global denies the allegations in Paragraph 16, except admits that that the coverage afforded by the Rockhurst Policy is subject to various limitations, including a maximum limit of liability in an occurrence of $278,126,000, and that the coverage afforded by the Maryville Policy is subject to various limitations, including a maximum limit of liability in an occurrence of $314,116,000. FM Global refers the Court to the Policies for all of their terms, conditions, limitations, and exclusions.

17. FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, except admits that it received correspondence from Rockhurst providing notice of Rockhurst's intent to make a claim under the Rockhurst Policy and from Maryville providing notice of Maryville's intent to make a claim under the Maryville Policy. FM Global refers the Court to that correspondence for a full and accurate rendition of its contents.

18. FM Global denies the allegations in Paragraph 18, except admits that it has responded in writing to Rockhurst acknowledging Rockhurst's correspondence and it has responded in writing to Maryville acknowledging Maryville's correspondence and that it informed Plaintiffs that they potentially had coverage under the "COMMUNICABLE DISEASE RESPONSE" and "INTERRUPTION BY COMMUNICABLE DISEASE" provisions of the Policies and requested information from Plaintiffs to determine whether the requirements for coverage had been satisfied. FM Global refers the Court to that correspondence for a full and accurate rendition of its contents.

19. FM Global denies the allegations in Paragraph 19, except admits that it has responded in writing to Rockhurst acknowledging Rockhurst's correspondence and it has responded in writing to Maryville acknowledging Maryville's correspondence and that FM Global invited Plaintiffs to provide information showing the actual not suspected presence of a

4

communicable disease at a location owned, leased or rented by Plaintiffs, access to which has been limited, restricted or prohibited for more than 48 hours by an order of an authorized governmental agency or a decision of an Officer of Plaintiffs. FM Global refers the Court to that correspondence for a full and accurate rendition of its contents.

20.    FM Global denies the allegations in Paragraph 20, except admits that it has not made any payments to Rockhurst or Maryville in connection with their notice of claims.

21.    FM Global denies the allegations in Paragraph 21, except admits that the Policies could potentially provide coverage for "COMMUNICABLE DISEASE RESPONSE" and "INTERRUPTION BY COMMUNICABLE DISEASE," provided that Plaintiffs can establish that the requisite triggers for coverage have been met.

22.    FM Global denies the allegations in Paragraph 22.

23.    FM Global denies the allegations in Paragraph 23 due the reference to FM Global's conduct as "particularly galling" and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23.

24.    Paragraph 24 contains a description of Plaintiffs' legal theories and the relief they seek rather than allegations of fact to which a response is required. To the extent that Paragraph 24 may be deemed to contain any allegations of fact, FM Global denies those allegations.

## PARTIES

25.    FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.    FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.    FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

WA 16403828.1

28.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, except admits that it has issued property insurance policies to institutions that are members of the College and University Risk Management Association ("CURMA"), including Plaintiffs.

30.     FM Global admits the allegations in Paragraph 30.

## JURISDICTION AND VENUE

31.     Paragraph 31 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 31 may be deemed to contain any allegations of fact, FM Global admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) and denies the remaining allegations.

32.     FM Global admits that venue is proper in this District and that the Rockhurst Policy covers properties located in Missouri but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32.

## FACTUAL BACKGROUND

33.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

WA 16403828.1

37. FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, except admits that Rockhurst sent FM Global a communication regarding individuals that allegedly tested positive for COVID-19. FM Global refers the Court to the correspondence between Rockhurst and FM Global for a full and accurate rendition of its contents.

40. FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 40. FM Global denies the remaining allegations in Paragraph 40.

41. FM Global denies the allegations in the fourth sentence of Paragraph 41 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41.

42. FM Global denies the allegations in the second sentence of Paragraph 42 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42.

43. FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44. FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

WA 16403828.1

45.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.     FM Global denies the allegations in Paragraph 46.

47.     FM Global denies the allegations in Paragraph 47.

48.     FM Global denies the allegations in Paragraph 48.

49.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of whether Plaintiffs' insured property has been subject to a variety of COVID-19-related limitations, restrictions, and prohibitions, admits that various national, state, and local governments issued orders related to COVID-19, and denies the remaining allegations in Paragraph 49.

50.     FM Global denies the allegations in Paragraph 50.

51.     FM Global denies the allegations in the first sentence of Paragraph 51 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51.

**The Coronavirus and the COVID-19 Pandemic**

52.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegation that COVID-19 is "uniquely resilient" and admits the remaining allegations in Paragraph 53.

54.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, except admits that the CDC has issued guidance about the virus and the spread of the virus, to which FM Global refers the Court for its complete contents.

WA 16403828.1

55.     FM Global denies the allegations in Paragraph 55, except admits that the World Health Organization declared COVID-19 to be a pandemic on March 11, 2020.

56.     FM Global denies that COVID-19 causes direct physical loss or damage to property.  FM Global lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56, except admits that the CDC has issued guidance about the virus and the spread of the virus and that state and local governments issued orders related to COVID-19, to which FM Global refers the Court for its complete contents.

57.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59.     FM Global admits the allegations in Paragraph 59.

60.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

61.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

62.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, except admits that state and local governments issued orders relating to COVID-19.

63.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, except admits that the CDC has issued guidance about the virus and the spread of the virus, to which FM Global refers the Court for its complete contents.

WA 16403828.1

64.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, except admits that the New England Journal of Medicine has issued a Correspondence titled "Droplets and Aerosols in the Transmission of SARS-CoV-2", to which FM Global refers the Court for its complete contents.

65.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, except admits that the National Institutes of Health has issued a News Release titled "New coronavirus stable for hours on surfaces," to which FM Global refers the Court for its complete contents.

66.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and refers the Court to the study for its complete contents.

68.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, except admits that on April 2, 2020, Nature.com published an article called "Is the coronavirus airborne? Experts can't agree" and that the quoted language appears in the article, to which FM Global refers the Court for its complete contents.

69.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, except admits that the University of Minnesota's Center for Infectious Disease Research and Policy has published an article titled "Study finds evidence of COVID-19 in air, on hospital surfaces," to which FM Global refers the Court for its complete contents.

70.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, except admits that the University of Minnesota's Center for

WA 16403828.1

Infectious Disease Research and Policy has published an article titled "Study finds evidence of COVID-19 in air, on hospital surfaces," to which FM Global refers the Court for its complete contents.

71.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, except admits that bioRxiv published a preprint titled "Aerodynamic Characteristics and RNA Concentration of SARS-CoV-2 Aerosol in Wuhan Hospitals during COVID-19 Outbreak," to which FM Global refers the Court for its complete contents.

72.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, except admits that Science Magazine has published an article titled "You may be able to spread coronavirus just by breathing, new report finds," and the quoted language appears in the article, to which FM Global refers the Court for its complete contents.

73.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73.

74.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, except admits that Virology Journal has published an article titled "The effect of temperature on persistence of SARS-CoV-2 on common surfaces," to which FM Global refers the Court for its complete contents.

75.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, except admits that Science Daily has published an article titled "New research on SARS-CoV-2 virus 'survivability,'" to which FM Global refers the Court for its complete contents.

76.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.

WA 16403828.1

77.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, except admits that Oxford University Press has published an article titled "Severe Acute Respiratory Syndrome Beyond Amoy Gardens: Completing the Incomplete Legacy," to which FM Global refers the Court for its complete contents.

78.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79.     FM Global denies that the Coronavirus and the COVID-19 pandemic cause physical loss or damage to property, admits that state and local governments issued orders relating to COVID-19, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79.

80.     FM Global denies that the Coronavirus and the COVID-19 pandemic caused physical loss or damage to Plaintiffs' insured locations, admits that (1) state and local governments issued orders relating to COVID-19 and (2) the CDC has issued guidance about the virus and the spread of the virus, to which FM Global refers the Court for its complete contents, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80.

**The SARS-CoV-2 Virus Causes Actual Physical Damage, Including Adverse Alteration**

81.     FM Global denies the allegations in Paragraph 81.

82.     FM Global denies that the virus causes physical loss or damage to property, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82.

83.     FM Global admits the allegations in Paragraph 83.

84.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84.

WA 16403828.1

85.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85.

86.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88.

89.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89.

90.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90.

91.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

92.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

93.     FM Global denies that the virus alters physical objects and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93.

94.     FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94.

95.     FM Global denies the allegations in Paragraph 95.

**Plaintiffs' FM Global Advantage Policy**

96.     FM Global denies the allegations in Paragraph 96, except admits that it issued insurance policies to Plaintiffs in exchange for the payment of premiums during the period from

13

July 1, 2019 to July 1, 2020.  FM Global further admits that the Policies contain a section entitled "TIME ELEMENT" and that the coverage afforded by the Rockhurst Policy is subject to various limitations, including a maximum limit of liability in an occurrence of $278,126,000, and that the coverage afforded by the Maryville Policy is subject to various limitations, including a maximum limit of liability in an occurrence of $314,116,000.   FM Global refers the Court to the Policies for all of their terms, conditions, limitations, and exclusions.

97.     FM Global admits that its practice is to draft property insurance policies in consultation with the insured and/or its broker.

98.     FM Global admits that the Rockhurst Policy's Schedule of Locations includes "1100 Rockhurst Road, Kansas City, Missouri, 64110-2561" and that the Maryville Policy's Schedule of Locations includes "13550 Conway Road, Saint Louis, Missouri 63141-7232."

99.     FM Global denies the allegations in Paragraph 99, except admits that the Policies provide coverage for all risks of physical loss or damage, subject to various terms, conditions, limitations, and exclusions.

100.    Paragraph 100 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 100 may be deemed to contain any allegations of fact, FM Global denies those allegations.

101.    Paragraph 101 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 101 may be deemed to contain any allegations of fact, FM Global denies those allegations.

102.    FM Global admits that the term "physical" does not appear in the Definitions section of the Policies but otherwise denies the allegations in Paragraph 102 and states that the terms in the Policies must be given their plain and ordinary meaning and read in context with the

WA 16403828.1

other language, including definitions, throughout the documents. FM Global refers the Court to the Policies for all of their terms, conditions, limitations, and exclusions.

103.     FM Global admits that the term "physical loss" does not appear in the Definitions section of the Policies but otherwise denies the allegations in Paragraph 103 and states that the terms in the Policies must be given their plain and ordinary meaning and read in context with the other language, including definitions, throughout the documents. FM Global refers the Court to the Policies for all of their terms, conditions, limitations, and exclusions.

104.     FM Global admits that the term "damage" does not appear in the Definitions section of the Policies but otherwise denies the allegations in Paragraph 104 and states that the terms in the Policies must be given their plain and ordinary meaning and read in context with the other language, including definitions, throughout the documents. FM Global refers the Court to the Policies for all of their terms, conditions, limitations, and exclusions.

105.     FM Global admits that the phrase "physical loss or damage" does not appear in the Definitions section of the Policies but otherwise denies the allegations in Paragraph 105 and states that the terms in the Policies must be given their plain and ordinary meaning and read in context with the other language, including definitions, throughout the documents. FM Global refers the Court to the Policies for all of their terms, conditions, limitations, and exclusions.

106.     FM Global denies the allegations in Paragraph 106.

107.     FM Global denies the allegations in Paragraph 107 and states that the litigation referenced in Paragraph 107 did not involve coverage under an FM Global policy and involved coverage for mold, not a virus, under a "Life Sciences" policy issued to a biopharmaceutical manufacturer.

WA 16403828.1

108.     FM Global denies the allegations in Paragraph 108, except admits that it issued insurance policies to Plaintiffs in exchange for the payment of premiums during the period from July 1, 2019 to July 1, 2020.

109.     FM Global denies the allegations in Paragraph 109.

110.     FM Global admits that Plaintiffs paid annual policy premiums in connection with the Policies.

111.     FM Global admits the allegations in Paragraph 111.

112.     FM Global admits that it issued the Policies to Plaintiffs in exchange for the payment of premiums during the period from July 1, 2019 to July 1, 2020 but otherwise denies the allegations in Paragraph 112.

**The Policy's "All Risks" Coverage Is Triggered**

113.     Paragraph 113 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 113 may be deemed to contain any allegations of fact, FM Global denies those allegations.

114.     FM Global denies the allegations in Paragraph 114, except admits that subject to various terms, conditions, limitations, and exclusions, each of the Policies states that it "covers property, as described in the Policy, against ALL RISKS OF PHYSICAL LOSS OR DAMAGE, except as hereinafter excluded, while located as described in this Policy" and that the Policies both contain a section entitled "TIME ELEMENT."  FM Global refers the Court to the Policies for the complete wording of those provisions and all other terms, conditions, limitations, and exclusions.

115.     Paragraph 115 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 115 may be deemed to contain any allegations of fact, FM Global denies the allegations in Paragraph 115.  FM Global refers the Court to the

16

Policies for the complete wording of that provision and all other terms, conditions, limitations, and exclusions.

116. Paragraph 116 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 116 may be deemed to contain any allegations of fact, FM Global denies the allegations in Paragraph 116. FM Global refers the Court to the Policies for the complete wording of that provision and all other terms, conditions, limitations, and exclusions.

117. Paragraph 117 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 117 may be deemed to contain any allegations of fact, FM Global denies the allegations in Paragraph 117, except admits that the Policies both contain a provision entitled "Communicable Disease Response." FM Global refers the Court to the Policies for the complete wording of that provision and all other terms, conditions, limitations, and exclusions.

118. Paragraph 118 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 118 may be deemed to contain any allegations of fact, FM Global denies the allegations in Paragraph 118, except admits that the Policies both contain a section entitled "TIME ELEMENT." FM Global refers the Court to the Policies for the complete wording of that provision and all other terms, conditions, limitations, and exclusions.

119. Paragraph 119 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 119 may be deemed to contain any allegations of fact, FM Global denies the allegations in Paragraph 119, except admits that the Policies both contain a section entitled "INTERRUPTION BY COMMUNICABLE DISEASE." FM Global refers the Court to the Policies for their complete terms, conditions, limitations, and exclusions.

WA 16403828.1

120.     FM Global denies the allegations in Paragraph 120, except admits that the Policies contain an exclusion for "Contamination," provisions entitled "Communicable Disease Response" and "INTERRUPTION BY COMMUNICABLE DISEASE," and definitions for "communicable disease" and "contamination" and that the language excerpted in Paragraph 120 is accurately quoted.  FM Global refers the Court to the Policies for all of their terms, conditions, limitations, and exclusions.

121.     Paragraph 121 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 121 may be deemed to contain any allegations of fact, FM Global denies the allegations in Paragraph 121.  FM Global refers the Court to the Policies for all of their terms, conditions, limitations, and exclusions.

122.     Paragraph 122 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 122 may be deemed to contain any allegations of fact, FM Global denies the allegations in Paragraph 122.  FM Global refers the Court to the Policies for all of their terms, conditions, limitations, and exclusions.

123.     Paragraph 123 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 123 may be deemed to contain any allegations of fact, FM Global denies those allegations.

**Loss or Damage to Property and Direct Time Element Losses**

124.     FM Global denies the allegations in Paragraph 124, except admits that the Policies provide coverage for physical loss or damage, subject to various terms, conditions, limitations, and exclusions.  FM Global refers the Court to the Policies for all of their terms, conditions, limitations, and exclusions.

WA 16403828.1

125.     Paragraph 125 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 125 may be deemed to contain any allegations of fact, FM Global denies those allegations.

126.     Paragraph 126 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 126 may be deemed to contain any allegations of fact, FM Global denies the allegations in Paragraph 126.

127.     Paragraph 127 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 127 may be deemed to contain any allegations of fact, FM Global denies the allegations in Paragraph 127, except admits that the Policies contain a section entitled "TIME ELEMENT" and that the language excerpted in Paragraph 127 accurately quotes a portion of the provision.  FM Global refers the Court to the Policies for the complete wording of that provision and all other terms, conditions, limitations, and exclusions.

128.     Paragraph 128 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 128 may be deemed to contain any allegations of fact, FM Global denies the allegations in Paragraph 128, except admits that the Policies both contain a section entitled "TIME ELEMENT COVERAGES" and that the language excerpted in Paragraph 128 accurately quotes a portion of the provision.  FM Global refers the Court to the Policies for the complete wording of that provision and all other terms, conditions, limitations, and exclusions.

129.     Paragraph 129 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 129 may be deemed to contain any allegations of fact, FM Global denies those allegations.

WA 16403828.1

130.     FM Global denies the allegations of Paragraph 130 except to admit that it sent correspondence to Rockhurst and to Maryville regarding their claims for coverage and refers the Court to the correspondence for a full and accurate rendition of their contents.

**Losses Due to Orders of Civil Authority**

131.     Paragraph 131 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 131 may be deemed to contain any allegations of fact, FM Global denies the allegations in Paragraph 131, except admits that the Policies contain a provision for "CIVIL OR MILITARY AUTHORITY."  FM Global refers the Court to the Policies for the complete wording of that provision and all other terms, conditions, limitations, and exclusions.

132.     FM Global denies the allegations in Paragraph 132, except admits that the Policies contain a provision for "CIVIL OR MILITARY AUTHORITY," and the language excerpted in Paragraph 132 accurately quotes a portion of the provision.  FM Global refers the Court to the Policies for the complete wording of that provision and all other terms, conditions, limitations, and exclusions.

133.     Paragraph 133 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 133 may be deemed to contain any allegations of fact, FM Global denies the allegations in Paragraph 133, except admits that the Policies contain a provision for "CIVIL OR MILITARY AUTHORITY," and that the Policies contain Applicable Limits of Liability/Time Limits of 30 days for CIVIL OR MILITARY AUTHORITY.  FM Global refers the Court to the Policies for the complete wording of that provision and all other terms, conditions, limitations, and exclusions.

WA 16403828.1

134.     Paragraph 134 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 134 may be deemed to contain any allegations of fact, FM Global denies the allegations in Paragraph 134.

135.     Paragraph 135 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 135 may be deemed to contain any allegations of fact, FM Global denies those allegations.

136.     Paragraph 136 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 136 may be deemed to contain any allegations of fact, FM Global denies those allegations.

137.     Paragraph 137 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 137 may be deemed to contain any allegations of fact, FM Global denies those allegations.

138.     FM Global denies those allegations in Paragraph 138 except to admit that it sent correspondence to Rockhurst and to Maryville regarding their claims for coverage and refers the Court to the correspondence for a full and accurate rendition of their contents.

**Losses Due to Impairment of Ingress or Egress**

139.     Paragraph 139 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 139 may be deemed to contain any allegations of fact, FM Global denies the allegations in Paragraph 139, except admits that the Policies contain a provision for "INGRESS/EGRESS."  FM Global refers the Court to the Policies for the complete wording of that provision and all other terms, conditions, limitations, and exclusions.

140.     FM Global denies the allegations in Paragraph 140, except admits that the Policies contain a provision for "INGRESS/EGRESS," and the language excerpted in Paragraph 140

21

accurately quotes a portion of the provision. FM Global refers the Court to the Policies for the complete wording of that provision and all other terms, conditions, limitations, and exclusions.

141. Paragraph 141 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 141 may be deemed to contain any allegations of fact, FM Global denies those allegations.

142. Paragraph 142 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 142 may be deemed to contain any allegations of fact, FM Global denies those allegations.

143. FM Global denies the allegations in Paragraph 143 except to admit that it sent correspondence to Rockhurst and to Maryville regarding their claims for coverage and refers the Court to that correspondence for a full and accurate rendition of their contents.

**Communicable Disease Response**

144. FM Global denies the allegations in Paragraph 144, except admits that the Policies contain a provision entitled "Communicable Disease ResponsE." FM Global refers the Court to the Policies for the complete wording of that provision and all other terms, conditions, limitations, and exclusions.

145. FM Global denies the allegations in Paragraph 145, except admits that the Policies contain a provision entitled "Communicable Disease Response" and that the language excerpted in Paragraph 145 is accurately quoted. FM Global refers the Court to the Policies for the complete wording of that provision and all other terms, conditions, limitations, and exclusions.

146. Paragraph 146 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 146 may be deemed to contain any allegations of fact, FM Global admits the allegations in Paragraph 146.

WA 16403828.1

147.    FM Global lacks knowledge and information sufficient to form a belief as to whether there was the "actual not suspected presence of COVID-19" on Plaintiffs' premises and, accordingly, denies that Plaintiffs have established that coverage has been triggered under the Policies.

148.    FM Global lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 148.

149.    Paragraph 149 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 149 may be deemed to contain any allegations of fact, FM Global lacks knowledge and information sufficient to form a belief as to whether there was the "actual not suspected presence of COVID-19" on Plaintiffs' premises and, accordingly, denies that Plaintiffs have established that coverage has been triggered under the Policies.

150.    FM Global denies those allegations in Paragraph 150 except to admit that it sent correspondence to Rockhurst and it to Maryville regarding their claims for coverage and refers the Court to that correspondence for a full and accurate rendition of their contents.

**Interruption by Communicable Disease**

151.    FM Global denies the allegations in Paragraph 151, except admits that the Policies contain a provision entitled "INTERRUPTION BY Communicable Disease."  FM Global refers the Court to the Policies for the complete wording of that provision and all other terms, conditions, limitations, and exclusions.

152.    FM Global denies the allegations in Paragraph 152, except admits that the Policies contain a provision entitled "INTERRUPTION BY Communicable Disease" and that the language excerpted is accurately quoted.  FM Global refers the Court to the Policies for the complete wording of that provision and all other terms, conditions, limitations, and exclusions.

WA 16403828.1

153.     Paragraph 153 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 153 may be deemed to contain any allegations of fact, FM Global admits the allegations in Paragraph 153.

154.     FM Global lacks knowledge and information sufficient to sufficient to form a belief as to whether there was the "actual not suspected presence of COVID-19" on Plaintiffs' premises and, accordingly, denies that Plaintiffs have established that coverage has been triggered under the Policies.

155.     FM Global lacks knowledge and information sufficient to sufficient to form a belief as to whether there was the "actual not suspected presence of COVID-19" on Plaintiffs' premises and, accordingly, denies that Plaintiffs have established that coverage has been triggered under the Policies.

156.     Paragraph 156 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 156 may be deemed to contain any allegations of fact, FM Global lacks knowledge and information sufficient to sufficient to form a belief as to whether there was the "actual not suspected presence of COVID-19" on Plaintiffs' premises and, accordingly, denies that Plaintiffs have established that coverage has been triggered under the Policies.

157.     FM Global denies those allegations in Paragraph 157 except to admit that it sent correspondence to Rockhurst and to Maryville regarding their claims for coverage and refers the Court to that correspondence for a full and accurate rendition of their contents.

158.     Paragraph 158 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 158 may be deemed to contain any allegations of fact, FM Global denies the allegations in Paragraph 158, except admits that Policies contain

24

provisions for "EXPEDITING COSTS," and "EXTRA EXPENSES." FM Global refers the Court to the Policies for all of their terms, conditions, limitations, and exclusions.

159.　　FM Global denies the allegations in Paragraph 159, except admits that the Policies contain provisions for "EXPEDITING COSTS" and that the language excerpted is accurately quoted. FM Global refers the Court to the Policies for all of their terms, conditions, limitations, and exclusions.

160.　　FM Global denies the allegations in Paragraph 160, except admits that the Policies contain provisions for "EXTRA EXPENSE" and that the language excerpted is accurately quoted. FM Global refers the Court to the Policies for all of their terms, conditions, limitations, and exclusions.

161.　　Paragraph 161 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 161 may be deemed to contain any allegations of fact, FM Global denies the allegations in Paragraph 161.

162.　　Paragraph 162 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 162 may be deemed to contain any allegations of fact, FM Global denies the allegations in Paragraph 162.

163.　　FM Global denies those allegations in Paragraph 163 except to admit that it sent correspondence to Rockhurst and to Maryville regarding their claims for coverage and refers the Court to that correspondence for a full and accurate rendition of their contents.

**Protection and Preservation of Property**

164.　　FM Global denies the allegations in Paragraph 164, except admits that the Policies contain provisions for "PROTECTION AND PRESERVATION OF PROPERTY." FM Global refers the Court to the Policies for all of their terms, conditions, limitations, and exclusions.

WA 16403828.1

165.     FM Global denies the allegations in Paragraph 165, except admits that the Policies both contain provisions for "PROTECTION AND PRESERVATION OF PROPERTY" and that the language excerpted is accurately quoted.  FM Global refers the Court to the Policies for all of their terms, conditions, limitations, and exclusions.

166.     FM Global denies the allegations in Paragraph 166.

167.     FM Global denies the allegations in Paragraph 167.

168.     Paragraph 168 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 168 may be deemed to contain any allegations of fact, FM Global denies those allegations.

169.     FM Global denies those allegations in Paragraph 169, except admits that it sent correspondence to Rockhurst and to Maryville regarding their claims for coverage and refers the Court to that correspondence for a full and accurate rendition of their contents.

**Claims Preparation Costs**

170.     FM Global denies the allegations in Paragraph 170, except admits that the Policies contain provisions for "CLAIMS PREPARATION COSTS."  FM Global refers the Court to the Policies for all of their terms, conditions, limitations, and exclusions.

171.     FM Global denies the allegations in Paragraph 171, except admits that the Policies contain provisions for "CLAIMS PREPARATION COSTS."  FM Global refers the Court to the Polices for all of their terms, conditions, limitations, and exclusions.

172.     Paragraph 172 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 172 may be deemed to contain any allegations of fact, FM Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172.

WA 16403828.1

173. Paragraph 173 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 173 may be deemed to contain any allegations of fact, FM Global denies the allegations in Paragraph 173.

174. FM Global denies those allegations in Paragraph 174, except admits that it sent correspondence to Rockhurst and to Maryville regarding their claims for coverage and refers the Court to that correspondence for a full and accurate rendition of their contents.

**Other Available Coverages**

175. Paragraph 175 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 175 may be deemed to contain any allegations of fact, FM Global denies those allegations.

**No Exclusion Impacts Coverages**

176. FM Global denies the allegations in Paragraph 176.

**The "Contamination Exclusion" Does Not Apply to Plaintiffs' Claim**

177. FM Global denies the allegations in Paragraph 177, except admits that the Policies contain an exclusion for "Contamination" and that the language excerpted in Paragraph 177 is accurately quoted. FM Global refers the Court to the Policies for all of their terms, conditions, limitations, and exclusions.

178. Paragraph 178 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 178 may be deemed to contain any allegations of fact, FM Global denies those allegations.

179. Paragraph 179 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 179 may be deemed to contain any allegations of fact, FM Global denies those allegations.

WA 16403828.1

**The Policy's Communicable Disease Sublimit Does Not Cap Plaintiffs' Recovery**

180.     Paragraph 180 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 180 may be deemed to contain any allegations of fact, FM Global denies the allegations in Paragraph 180, except admits that the Policies contain provisions entitled "Communicable Disease Response" and "INTERRUPTION BY COMMUNICABLE DISEASE."  FM Global refers the Court to the Policies for the complete wording of those provisions and all other terms, conditions, limitations, and exclusions.

181.     FM Global denies the allegations in Paragraph 181, except admits that in the Policies, the "COMMUNICABLE DISEASE RESPONSE" provision appears under the subsection "OTHER ADDITIONAL COVERAGES."

182.     FM Global denies the allegations in Paragraph 182, except admits that in the Rockhurst Policy and Maryville Policy, the "INTERRUPTION BY COMMUNICABLE DISEASE" provision appears under the subsection "ADDITIONAL TIME ELEMENT COVERAGE EXTENSIONS."

183.     FM Global denies the allegations in Paragraph 183.

184.     FM Global denies the allegations in Paragraph 184.

185.     Paragraph 185 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 185 may be deemed to contain any allegations of fact, FM Global denies those allegations.

186.     Paragraph 186 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 186 may be deemed to contain any allegations of fact, FM Global denies those allegations.

WA 16403828.1

187.     Paragraph 187 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 187 may be deemed to contain any allegations of fact, FM Global denies those allegations.

188.     Paragraph 188 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 188 may be deemed to contain any allegations of fact, FM Global denies those allegations.

## CLASS ACTION ALLEGATIONS

189.     Paragraph 189 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 189 may be deemed to contain any allegations of fact, FM Global denies those allegations.

190.     Paragraph 190 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 190 may be deemed to contain any allegations of fact, FM Global denies those allegations.

191.     Paragraph 191 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 191 may be deemed to contain any allegations of fact, FM Global denies those allegations.

192.     Paragraph 192 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 192 may be deemed to contain any allegations of fact, FM Global denies those allegations.

193.     Paragraph 193 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 193 may be deemed to contain any allegations of fact, FM Global denies those allegations.

WA 16403828.1

194. Paragraph 194 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 194 may be deemed to contain any allegations of fact, FM Global denies those allegations.

195. Paragraph 195 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 195 may be deemed to contain any allegations of fact, FM Global denies those allegations.

196. Paragraph 196 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 196 may be deemed to contain any allegations of fact, FM Global denies those allegations.

197. Paragraph 197 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 197 may be deemed to contain any allegations of fact, FM Global denies those allegations.

198. Paragraph 198 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 198 may be deemed to contain any allegations of fact, FM Global denies those allegations.

## COUNT I: DECLARATORY JUDGMENT
### (Individually and on behalf of Nationwide Declaratory Judgment Class, CURMA Subclass and Missouri Subclass)

199. FM Global incorporates by reference each of the responses set forth in response to the preceding paragraphs.

200. Paragraph 200 contains legal conclusions rather than allegations of fact to which a response is required. To the extent Paragraph 200 may be deemed to contain any allegations of fact, FM Global denies those allegations.

201. Paragraph 201 contains legal conclusions rather than allegations of fact to which a response is required. To the extent Paragraph 201 may be deemed to contain any allegations of

30

fact, FM Global denies those allegations, except admits that the Policies constitute written contracts.

202.     FM Global denies the allegations in Paragraph 202, except admits that it received correspondence from Rockhurst and from Maryville providing notice of their intent to make a claim under the Rockhurst Policy and the Maryville Policy. FM Global refers the Court to that correspondence for a full and accurate rendition of its contents.

203.     FM Global denies the allegations in Paragraph 203, except admits that it sent correspondence to Rockhurst and to Maryville regarding their claims for coverage. FM Global refers the Court to that correspondence for a full and accurate rendition of their contents.

204.     FM Global denies the allegations in the first sentence of Paragraph 204. The remaining allegations constitute a summary of Plaintiffs' legal theories rather than allegations of fact to which a response is required. To the extent they may be deemed to contain any allegations of fact, FM Global lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 204.

205.     Paragraph 205 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 205 may be deemed to contain any allegations of fact, FM Global denies those allegations.

206.     Paragraph 206 contains legal conclusions rather than allegations of fact to which a response is required. To the extent that Paragraph 206 may be deemed to contain any allegations of fact, FM Global denies those allegations.

207.     Paragraph 207 contains a description of the relief that Plaintiffs seek rather than allegations of fact to which a response is required. To the extent that Paragraph 207 may be deemed to contain any allegations of fact, FM Global denies those allegations.

WA 16403828.1

208.     Paragraph 208 contains a description of the relief that Plaintiffs seek rather than allegations of fact to which a response is required. To the extent that Paragraph 208 may be deemed to contain any allegations of fact, FM Global denies those allegations.

## COUNT II: BREACH OF CONTRACT AND/OR ANTICIPATORY BREACH
### (Individually and on behalf of Nationwide Breach Class, CURMA Subclass and Missouri Subclass)

209.     FM Global incorporates by reference each of the responses set forth in response to the preceding paragraphs.

210.     Paragraph 210 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 210 may be deemed to contain any allegations of fact, FM Global denies the allegations in Paragraph 210, except admits that Plaintiffs paid annual premiums.

211.     FM Global denies the allegations in Paragraph 211, except admits that the Policies are valid and enforceable contracts.

212.     Paragraph 212 contains legal conclusions rather than allegations of fact to which a response is required.  To the extent that Paragraph 212 may be deemed to contain any allegations of fact, FM Global denies those allegations.

## PRAYER FOR RELIEF

FM Global denies that Plaintiffs have any valid claim and denies that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief.

## AFFIRMATIVE DEFENSES

FM Global asserts the following affirmative defenses.  Each defense is asserted as to all claims against FM Global.  By asserting the following defenses, FM Global does not concede or admit that it has the burden of proof or persuasion on any such defense.  FM Global specifically reserves and does not waive any and all additional, separate, or other affirmative defenses that it

WA 16403828.1

may have, or which may be revealed by further investigation in this matter.

As separate and distinct affirmative defenses, FM Global states as follows:

<u>FIRST AFFIRMATIVE DEFENSE</u>

The First Amended Complaint fails to state a cause of action upon which relief may be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

There is no coverage for any of Plaintiffs' claims under the Communicable Disease Response provision of the Rockhurst Policy and the Maryville Policy (collectively, "the Policies") because Plaintiffs have not satisfied the requirements to trigger coverage.

<u>THIRD AFFIRMATIVE DEFENSE</u>

There is no coverage for any of Plaintiffs' claims under the remaining provisions of the Policies because Plaintiffs have not satisfied the requirements to trigger coverage, including the requirement for physical loss or damage.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

The Policies each provide in part: "This Policy excludes the following unless directly resulting from other physical damage not excluded by this Policy: 1) **contamination**, and any cost due to **contamination** including the inability to use or occupy property or any cost of making property safe or suitable for use or occupancy. If **contamination** due only to the actual not suspected presence of **contaminant(s)** directly results from other physical damage not excluded by this Policy, then only physical damage caused by such **contamination** may be insured."

The Policies define "contaminant" as: "anything that causes **contamination**."

The Policies define "contamination" as: "any condition of property due to the actual or suspected presence of any foreign substance, impurity, pollutant, hazardous material, poison,

33

toxin, pathogen or pathogenic organism, bacteria, virus, disease causing or illness causing agent, fungus, mold or mildew."

The novel coronavirus is a virus, a pathogen or pathogenic agent, and a disease causing or illness causing agent and, as such, it is a "contaminant" within the meaning of the Policies, and any condition of property due to the actual or suspected presence of the novel coronavirus constitutes "contamination" within the meaning of the Policies.

Plaintiffs' claim is barred because Plaintiffs' alleged loss or losses are caused by or resulted from contamination related to the novel coronavirus or costs due to contamination related to the novel coronavirus, including the inability to use or occupy property or the cost of making property safe or suitable for use or occupancy.

<center>FIFTH AFFIRMATIVE DEFENSE</center>

Plaintiffs' alleged losses, including any alleged lost Earnings, Profits, or Extra Expense, are not covered under the Policies because, among other things, the alleged loss or losses did not result directly from physical loss or damage of the type insured under the Policies.

<center>SIXTH AFFIRMATIVE DEFENSE</center>

The Policies state, in part: "TIME ELEMENT loss as provided in the TIME ELEMENT COVERAGES and TIME ELEMENT COVERAGE EXTENSIONS of this section of the Policy . . . is subject to the Policy provisions, including applicable exclusions and deductibles."

Plaintiffs' claims for the loss of Earnings, Profits, Extra Expenses and/or Rental Insurance are not covered under either the Time Element Coverage or the Time Element Coverage Extensions of the Policies because the alleged losses were caused by contamination related to the novel coronavirus or costs due to contamination related to the novel coronavirus, including the

<center>34</center>

inability to use or occupy property or the costs of making property safe or suitable for use or occupancy.

<center>SEVENTH AFFIRMATIVE DEFENSE</center>

There is no coverage for Plaintiffs' claim under the Civil or Military Authority, Ingress/Egress, or Tuition Fees provisions of the Policies because, among other things, Plaintiffs' alleged losses did not directly result from physical loss or damage of the type insured.

<center>EIGHTH AFFIRMATIVE DEFENSE</center>

The Policies exclude "indirect or remote loss or damage." The First Amended Complaint is barred to the extent it seeks a recovery for indirect loss or damage.

<center>NINTH AFFIRMATIVE DEFENSE</center>

The Policies exclude "interruption of business, except to the extent provided by the Policy." There is no coverage for any alleged interruption of Plaintiffs' businesses.

<center>TENTH AFFIRMATIVE DEFENSE</center>

The Policies exclude "loss of market or loss of use." The First Amended Complaint is barred to the extent that it seeks a recovery for a loss of market or loss of use.

<center>ELEVENTH AFFIRMATIVE DEFENSE</center>

There is no coverage for Plaintiffs' claim under the Protection and Preservation of Property Time Element provision of the Policies because, to the extent Plaintiffs contend that they are entitled to coverage under this provision, Plaintiffs have not pleaded the elements which would entitle them to such coverage.

<center>TWELFTH AFFIRMATIVE DEFENSE</center>

FM Global hereby incorporates all of the provisions, exclusions, definitions, and conditions contained within the Policies under which Plaintiffs purport to sue. The claims asserted are barred,

<center>35</center>

in whole or in part, by the express terms, conditions, and requirements of the Policies.

<center>THIRTEENTH AFFIRMATIVE DEFENSE</center>

The First Amended Complaint is barred, in whole or in part, because Plaintiffs seek to collect amounts in excess of the $1 million sublimit for Communicable Disease Response and Interruption by Communicable Disease in the Policies and, therefore, would be unjustly enriched if they obtained the requested relief.

<center>FOURTEENTH AFFIRMATIVE DEFENSE</center>

The First Amended Complaint is barred, in whole or in part, by the lack of consideration provided for communicable disease coverage in amounts in excess of the $1 million sublimit for Communicable Disease Response and Interruption by Communicable Disease in the Policies.

<center>FIFTEENTH AFFIRMATIVE DEFENSE</center>

The Policies state, in part: "No suit, action or proceeding for the recovery of any claim will be sustained in any court of law or equity unless: 1) the Insured has fully complied with all the provisions of this Policy . . . ."

The First Amended Complaint is barred, in whole or in part, due to Plaintiffs' failure to comply with the Suit Against the Company provision in the Policies.

<center>SIXTEENTH AFFIRMATIVE DEFENSE</center>

The First Amended Complaint is barred, in whole or in part, due to Plaintiffs' failure to comply with the Requirements in Case of Loss provision in the Policies, and, in particular, subparagraphs 3, 4, and 6 thereof.

<center>SEVENTEENTH AFFIRMATIVE DEFENSE</center>

Plaintiffs have not satisfied conditions precedent for a claim of breach of contract.

<center>36</center>

## EIGHTEENTH AFFIRMATIVE DEFENSE

There is no coverage for Plaintiffs' claim under the Expediting Costs provision of the Policies because, to the extent Plaintiffs contend that they are entitled to coverage under this provision, Plaintiffs have not pleaded the elements which would entitle them to such coverage.

## NINETEETH AFFIRMATIVE DEFENSE

There is no coverage for Plaintiffs' claim under the Claims Preparation Costs provision of the Policies because, to the extent Plaintiffs contend that they are entitled to coverage under this provision, Plaintiffs have not pleaded the elements which would entitle them to such coverage. The Claims Preparation Costs provision of the Policies also excludes fees and costs of attorneys.

## TWENTIETH AFFIRMATIVE DEFENSE

This action cannot be maintained as a class action because the requirements of Federal Rule of Civil Procedure 23 are not satisfied.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs failed to mitigate, reduce, or otherwise avoid the damages that they allegedly suffered.

WA 16403828.1

Dated: March 31, 2021      By:    /s/ *Brian Markley*

<div style="margin-left:40%;">

Brian Markley, MO 46801
Madison Perry, MO 68065
SPENCER FANE LLP
1000 Walnut, Suite 1400
Kansas City, MO 64106
Tel.: (816) 292-8823
Brian.markley@spencerfane.com
mperry@spencerfane.com

Harvey Kurzweil (admitted *pro hac vice*)
Kelly A. Librera (admitted *pro hac vice*)
George E. Mastoris (admitted *pro hac vice*)
Matthew A. Stark (admitted *pro hac vice*)
Elizabeth J. Ireland (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 294-6700
HKurzweil@winston.com
KLibrera@winston.com
GMastoris@winston.com
MStark@winston.com
EIreland@winston.com

***Attorneys for Defendant***
***Factory Mutual Insurance Company***

</div>

## CERTIFICATE OF SERVICE

On March 31, 2021, I caused the forgoing to be served via the Court's electronic case filing system upon all counsel of record.

By: /s/    *Brian Markley*
An Attorney for Defendant

WA 16403828.1