# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| ROCKHURST UNIVERSITY, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FACTORY MUTUAL INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendant. ) | Case No. 4:20-CV-00581-BCW |

## ORDER

Before the Court is Defendant's Motion for Partial Judgment on the Pleadings (Doc. #43). The Court, being duly advised of the premises, grants said motion.

### BACKGROUND

Plaintiffs Rockhurst University and Maryville University are private universities operating in Missouri. Defendant Factory Mutual Insurance Company ("FM Global") is a Rhode Island corporation.

In 2019, Plaintiffs purchased the same standard "FM Global Advantage" insurance policy from FM Global, with a coverage term of July 1, 2019 through July 1, 2020 ("the policy"). The policy insures real and personal property located on the universities' campuses ("covered property") and provides coverage against "all risks of physical loss or damage," pursuant to the policy's terms and exclusions. The policy does not define "physical loss or damage."

The policy sets forth two exclusions relevant to the instant motion for partial judgment on the pleadings. First, the "loss of use" exclusion excludes coverage for "loss of market or loss of use." (Doc. #41-1 at 19). Second, the "contamination" exclusion excludes coverage as follows:

> This Policy excludes the following unless directly resulting from other physical damage not excluded by this Policy: contamination, and any cost due to contamination including the inability to use or occupy property or any cost of making property safe or suitable for use or occupancy. If contamination due only to the actual not suspected presence of contaminant(s) directly results from other physical damage not excluded by this Policy, then only physical damage caused by such contamination may be insured.

(Doc. #41-1 at 22). The policy defines "contaminant" as "anything that causes contamination." (Doc. #41-1 at 83). The policy defines "contamination" as "any condition of property due to the actual or suspected presence of any foreign substance, impurity, pollutant, hazardous material, poison, toxin, pathogen or pathogenic organism, bacteria, virus, disease causing or illness causing agent, fungus, mold or mildew." (Doc. #41-1 at 83).

In March 2020, Plaintiffs effectively closed their campuses due to the COVID-19 pandemic, students were sent home, the administrative buildings and the resident halls closed, and the campuses remained shut down into the summer months. Plaintiffs subsequently sought from FM Global confirmation of coverage for the campus closures under seven separate policy provisions: (1) protection and preservation of property, (2) time element coverage, (3) civil or military authority, (4) ingress/egress, (5) expediting costs, (6) communicable disease, and (7) claims preparation costs.

For five of these seven provisions, coverage under the policy is predicated on "physical loss or damage" or "physical damage" (hereinafter, collectively referred to as "physical damage"). Coverage under the "communicable disease" provisions and the "claims preparation costs" is not, by contrast, triggered by physical damage.

In response to Plaintiffs' request for confirmation of coverage, FM Global indicated "any claim for loss or damage attributable to the Coronavirus or COVID-19 pandemic does not constitute 'insured physical loss or damage to property' as required for coverage under the policy,"

2

such that the policy did not cover losses attributable to the coronavirus under any provision for which coverage is triggered by physical damage, i.e. the policy's coverage provisions for (1) protection and preservation of property, (2) time element coverage, (3) civil or military authority, (4) ingress/egress, and (5) expediting costs. (Doc. #41 ¶ 203). Further, FM Global indicated, even if the requisite physical damage for coverage was attributable to coronavirus, the policy would not cover the physical damage because such physical damage is within the policy's exclusions for "loss of use" or "contamination."[1]

Plaintiffs thus filed the above-captioned suit, alleging coverage under the policy in that coronavirus or COVID-19 adversely altered covered property, rendering it actually physically damaged, as follows:

> By bonding with, and becoming part of, the property that it comes in contact with, the SARS-CoV-2 virus adversely alters the physical object, as well as the building in which that object is located.… the personal property or buildings are no longer safe, habitable or fit for their intended purpose until the pandemic conditions have been controlled and ultimately eliminated.

(Doc. #41 ¶ 95).

On April 23, 2021, FM Global filed the instant motion for partial judgment on the pleadings, arguing it is entitled to judgment in its favor because COVID-19 did not physically damage the covered property. FM Global argues, moreover, assuming Plaintiffs show physical damage attributable to COVID-19, such physical damage is excluded from coverage through the policy's exclusions for loss of use or contamination.

---

[1] FM Global indicated coverage may be available under the communicable disease provisions and claims preparation costs provision because unlike the other provisions, these provisions are exceptions to the policy's requirement of physical damage and are not subject to the aforementioned exclusions.

**LEGAL STANDARD**

"Judgment on the pleadings should be granted only if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). "In evaluating a motion for judgment on the pleadings, a court must accept as true all factual allegations set out in the complaint and must construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor." Wishnatsky v. Rovner, 433 F.3d 608, 609 (8th Cir. 2006).

**ANALYSIS**

FM Global argues that even when construing all factual inferences in Plaintiffs' favor there is no material issue of fact and it is entitled to partial judgment on the pleadings because Plaintiffs have not plausibly alleged physical damage attributable to COVID-19, and even if they have, the loss of use exclusion and/or contamination exclusion preclude coverage.

In Missouri, general contract interpretation principles apply in the interpretation of insurance policies. Gohagan v. Cincinnati Ins., 809 F.3d 1012, 1015 (8th Cir. 2016) (citing Todd v. Mo. United Sch. Ins. Council, 223 S.W.3d 156, 160 (Mo. 2007)); Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938) (federal court sitting in diversity applies substantive law of the state in which it sits). When interpreting an insurance contract, the contract is read as a whole and the Court determines the intent of the parties, giving effect to that intent by enforcing the contract as written. Stotts v. Progressive Classic Ins., 118 S.W.3d 655, 662 (Mo. Ct. App. 2003).

If, as a matter of law, the contract is unambiguous, it will be enforced as written. Owners Ins. Co. v. Craig, 514 S.W.3d 614, 617 (Mo. 2017). But if there exists "duplicity, indistinctness, or uncertainty in the meaning of the language in the policy" or if the policy language "is reasonably

4

open to different constructions" the contract is considered ambiguous. Allstate Indem. Co. v. Rice, 755 F.3d 621, 624 (8th Cir. 2014) (citations omitted).

If an ambiguity exists in the contract or contract term, such ambiguity is construed against the insurer and in favor of the insured. United Fire & Cas. Co. v. Titan Contractors Serv., 751 F.3d 880, 887 (8th Cir. 2014). Absent an ambiguity, however, the party asserting coverage bears the burden to demonstrate it exists under the policy terms. Id. By contrast, if the insurer relies on a policy exclusion, the insurer bears the burden to demonstrate the application of the exclusion. Am. Fam. Mut. Ins. Co. v. Co. Fat Le, 439 F.3d 436, 439 (8th Cir. 2006) (citations omitted). Through this framework, the Court considers whether FM Global is entitled to partial judgment on the pleadings because there exists no genuine issue of material fact and it is entitled to judgment as a matter of law that Plaintiffs incurred no covered loss under the circumstances alleged.

The Court, for purposes of discussion assumes the allegation that Plaintiffs suffered physical damage to the covered property as a result of COVID-19 as true, and only considers whether FM Global has met its burden to demonstrate that the contamination exclusion applies. Lambi v. Am. Fam. Mut. Ins. Co., 498 Fed. App.x 655, 656 (8th Cir. 2013) (applying an unambiguous policy exclusion while declining to consider whether coverage initially triggered) (citing Brake Landscaping & Lawncare, Inc. v. Hawkeye-Security Ins. Co., 625 F.3d 1019, 1023 n.3 (8th Cir. 2010) (declining to reach coverage decision when policy exclusion applied); Westfield Ins. Co. v. Robinson Outdoors, Inc., 700 F.3d 1172, 1174-85 (8th Cir. 2012) (assuming coverage without deciding to hold exclusion precludes coverage)). Because the contamination exclusion is dispositive, the Court need not consider the loss of use exclusion.

FM Global argues the policy's contamination exclusion bars coverage under the policy to the extent Plaintiffs allege physical damage attributable to COVID-19. Applying the policy

5

language and definitions set forth above, the contamination exclusion excludes coverage for the following, unless directly resulting from other physical damage not otherwise excluded:

> [any condition of property due to the actual or suspected presence of any . . . pathogen or pathogenic organism, bacteria, virus, disease causing or illness causing agent] and any cost due to [any condition of property due to the actual or suspected presence of any . . . pathogen or pathogenic organism, bacteria, virus, disease causing or illness causing agent] including the inability to use or to occupy property or any cost of making property safe or suitable for use or occupancy. If [any condition of property due to the actual or suspected presence of any . . . pathogen or pathogenic organism, bacteria, virus, disease causing or illness causing agent] due only to the actual not suspected presence of [anything that causes contamination] directly results from other physical damage not excluded by this Policy, then only physical damage caused by such "condition of property due to the actual or suspected presence of any pathogen or pathogenic organism, bacteria, virus, disease causing or illness causing agent] may be insured.

Under its plain terms, this contamination exclusion excludes coverage for any condition of covered property attributable to the actual or suspected presence of a virus or illness-causing agent, and any cost attributable to the actual or suspected presence of a virus or illness-causing agent, including the inability the use the covered property and/or make the covered property safe for use. If the condition of covered property attributable to the actual or suspected presence of a virus or illness-causing agent and associated costs are ultimately attributable to other physical damage, that condition and associated costs are covered only if not otherwise excluded by another policy term. Under the circumstances presented here, to the extent Plaintiffs assert a right to coverage under the policy for physical damage attributable to the presence or suspected presence of coronavirus or COVID-19, a virus, or more broadly, an illness causing agent, such alleged physical damage is subject to the contamination exclusion (except as otherwise specifically described and inapplicable here) and is not covered by the policy.

Despite Plaintiffs' arguments to the contrary, the contamination exclusion is unambiguous under the policy language as a whole. Todd v. Mo. United Sch. Ins. Council, 223 S.W.3d 156, 160

(Mo. 2007) (key for contract interpretation is whether contract language ambiguous or not); Monarch Casino & Resort, Inc. v. Affiliated FM Ins. Co., Civil Action No. 20-cv-1470, 2021 WL 4260785, at *3-4 (D. Colo. Sept. 17, 2021) (identical contamination exclusion unambiguous); see also Franklin EWC, Inc. v. Hartford Fin. Servs. Grp., Inc., No. 20-CV-04434-JSC, 2020 WL 7342687 (N.D. Cal. Dec. 14, 2020); Raymond H Nahmad DDS PA v. Hartford Cas. Ins. Co., 499 F. Supp. 3d 1178, 1185 (S.D. Fla. 2020).

Ambiguity arises only if the policy language is "reasonably open to different constructions." Rice, 755 F.3d at 624 (8th Cir. 2014). Plaintiffs assert the contamination exclusion is ambiguous for at least three reasons. First, Plaintiffs argue the contamination exclusion is ambiguous because it purports to exclude coverage for contamination, yet includes the conjunctive "contamination, and . . .," which Plaintiffs suggest creates a lack of clarity about what exactly the contamination exclusion excludes. Second, Plaintiffs argue the contamination exclusion is ambiguous because the phrase "and any cost due to contamination," contemplates only "cost," suggesting losses and/or expenses "due to contamination," are not excluded. Third, Plaintiffs argue the contamination exclusion is ambiguous because it contradicts or undermines the policy's communicable disease provisions.

The Court considers Plaintiffs' arguments that the contamination exclusion is ambiguous based on the exclusion's language and/or phrasing. First, Plaintiffs argue ambiguity in the exclusion would be avoided if the exclusion simply stated that "contamination" as defined in the policy was excluded, as opposed also excluding "and any cost . . ." Despite Plaintiffs' assertions that "and" makes the exclusion unclear and ambiguous, "and" merely broadens the scope of the exclusion to also exclude costs of contamination as described by the policy language. The inclusion of the word "and" does not create an ambiguity as a matter of law, in the context of the

7

contamination exclusion or in the context of the policy as a whole. Owners Ins. Co., 514 S.W.3d at 617 (policy enforced according to its terms and insured cannot create ambiguity by reading in isolation to create broader coverage than that actually provided on the policy as a whole).

Second, and similarly, despite Plaintiffs' assertion, the contamination exclusion's reference to "any cost" does not create an ambiguity. FM Global does not argue that "cost" would not also encompass any losses or expenses. Further, "cost" is not defined by the policy, so the ordinary definition applies. Burns v. Smith, 303 S.W.3d 505, 509 (Mo. 2010). The first definition of "cost" as a noun is "the price of something: the amount of money that is needed to pay for or buy something." "Cost," *Merriam-Webster.com*, https://www.merriam-webster.com/dictionary/cost (Jan. 20, 2022). Where "cost" is not otherwise limited to exclude losses or expenses, the word "cost" may be ordinarily read to include losses and expenses without distorting the word's meaning. As set forth by the policy language, the contamination exclusion excludes coverage for contamination as stated and any cost (or loss, or expense) incurred due to any contamination, and the Court must enforce the exclusion and policy as written.

Finally, the Court considers whether the contamination exclusion conflicts with other policy provisions. Plaintiffs argue the policy does not permit recovery under the communicable disease provisions while excluding coverage under the contamination exclusion.

The communicable disease provisions are not subject to a physical loss requirement nor to the contamination exclusion, and provide coverage if covered property has the actual not suspected presence of [a disease which is transmissible from human to human by direct or indirect contact with an affected individual or the individual's discharges] and access to such location is limited, restricted, or prohibited by: (1) an order of an authorized governmental agency regulating the actual not suspected presence of [a disease which is transmissible from human to human by direct

8

Case 4:20-cv-00581-BCW   Document 72   Filed 01/26/22   Page 8 of 9

or indirect contact with an affected individual or the individual's discharges]; or (2) a decision of an Officer of the Insured as a result of the actual not suspected presence of [a disease which is transmissible from human to human by direct or indirect contact with an affected individual or the individual's discharges].

Reading the policy as a whole, there is no language prohibiting the possibility that Plaintiffs' may recovery under the communicable disease provisions and simultaneously not recover under provisions subject to the contamination exclusion for a particular occurrence. Plaintiffs' argument that explicit language must be added to preclude recovery under the contamination exclusion is baseless. Monarch Casino, No. 20-CV-1470, 2021 U.S. Dist. LEXIS 179812, at *20 (finding plaintiff may be entitled to coverage under the communicable disease provisions but the remaining claims for coverage are precluded by the contamination exclusion). The contamination exclusion does not create an ambiguity nor contradict the other policy provisions. Accordingly, it is hereby

ORDERED Defendant's Partial Motion for Judgment on the Pleadings (Doc. #43) is GRANTED. It is further

ORDERED the stay on discovery and other deadlines is LIFTED. The parties are to submit a joint proposed scheduling order within thirty days of entry of this Order. It is further

ORDERED a status conference is set before the Court via telephone conference on March 2, 2022, at 10:30 a.m.

IT IS SO ORDERED.

Date: January 26, 2022 /s Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT